1  David Y. Choi (SBN# 263917)
   dchoi@goldbergsegalla.com
2  Lisa M. Conn (SBN #276963)
   lconn@goldbergsegalla.com
3  GOLDBERG SEGALLA LLP
   777 S. Figueroa Street, Suite 2000
4  Los Angeles, CA 90017
   (213) 415-7200 (Phone)
5  (213) 415-7299 (Fax)

6  Richard Charnley (SBN# 70430)
   rlc@charnleyrian.com
7  Nicole Uhlmann (SBN# 200783)
   nwu@charnleyrian.com
8  CHARNLEY RIAN LLP
   12121 Wilshire Boulevard
9  Suite 600
   Los Angeles, CA 90025-1188
10 (310) 321-4300 (Phone)
   (310) 893-0273 (Fax)

11
   Attorneys for Defendants
12 RONALD KEVIN STONE and NORTH CAROLINA
   DIVISION SONS OF CONFEDERATE VETERANS, INC.

13

14           **IN THE UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
15              **SAN FRANCISCO DIVISION**

16

17 THOMAS GREGORY DOUCETTE, an          Case No. 4:19-cv-08148-KAW
   individual, and LAW OFFICES OF T. GREG
18 DOUCETTE, PLLC, a North Carolina      **DEFENDANTS RONALD KEVIN**
   professional limited liability company,  **STONE'S AND NORTH CAROLINA**
                                            **DIVISION SONS OF CONFEDERATE**
19                                          **VETERANS, INC.'S NOTICE OF**
                      Plaintiffs,           **MOTION AND MOTION TO DISMISS**
20                                          **FOR LACK OF PERSONAL**
                                            **JURISDICTION; MEMORANDUM OF**
21        v.                                **POINTS AND AUTHORITIES IN**
                                            **SUPPORT THEREOF**
22 RONALD KEVIN STONE, an individual,
   NORTH CAROLINA DIVISION SONS OF
23 CONFEDERATE VETERANS, INC., a North    Date:      March 19, 2020
   Carolina corporation, and DROPBOX, INC., a  Time:      1:30 p. m.
24 Delaware corporation,                   Courtroom: TBD
                                           Judge:     Kandis A. Westmore
25                    Defendants.

26

27

28

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

## NOTICE OF MOTION AND MOTION TO DISMISS

On March 19, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, located in a Courtroom to be determined at the Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, California 94612, Defendants Ronald Kevin Stone and North Carolina Division Sons of Confederate Veterans, Inc. (hereinafter "Stone" and "NCSCV," respectively, or collectively, "the Movant Defendants") will and hereby do move to dismiss Plaintiffs' Complaint against them for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  In the alternative, should this Court find that personal jurisdiction exists, Stone and NCSCV respectfully request that this Court either dismiss the case or transfer venue to the United States District Court for the Middle District of North Carolina on the basis of *forum non conveniens*.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Ronald Kevin Stone and accompanying exhibits, the pleadings, and upon such other matters as may be presented at the time of hearing.

## STATEMENT OF ISSUES TO BE DECIDED

A. Whether the Court lacks Personal Jurisdiction Over Defendants Ronald Kevin Stone and North Carolina Division Sons of Confederate Veterans, Inc.

B. Whether dismissal or transfer to the Middle District of North Carolina is Proper under the doctrine of *Forum Non Conveniens* should the Court find Personal Jurisdiction over Defendants

## STATEMENT OF RELEVANT FACTS

Defendant NCSCV is a nonprofit corporation organized under the laws of North Carolina and headquartered in Sanford, Lee County, North Carolina.  (Doc. 1, ¶ 13, Declaration of Ronald Kevin Stone, ¶ 4).  Defendant Ronald Kevin Stone is an elected officer of NCSCV and is also a citizen and resident of the State of North Carolina.  (Doc. 1, ¶ 12, Declaration of Ronald Kevin Stone, ¶ 2, 4).  Plaintiffs to this Action are likewise North Carolina residents.  Plaintiff Thomas Gregory Doucette is a citizen and resident of North Carolina, and Plaintiff Law Offices of T. Gregory Doucette, PLLC is a North Carolina professional limited liability company operated by North Carolina-licensed attorney Thomas Gregory Doucette.  (Doc. 1, ¶ 1, 10, 11).

2

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

1

2

3

4

5

6

7

On December 2, 2019, Plaintiffs posted the entirety of a letter Defendant Stone created to Plaintiffs' Twitter account using Plaintiff Law Offices of T. Gregory Doucette's Dropbox account. (Declaration of Ronald Kevin Stone, ¶ 8, Doc. 1, ¶ 19-23, 39).  NCSCV submitted a notification of claimed infringement to Dropbox electronically concerning Plaintiffs' use of the entirety of the NCSCV letter.  (Declaration of Ronald Kevin Stone, ¶ 9).  Plaintiff Thomas Gregory Doucette submitted a counter notification to Dropbox in response on December 2, 2019.  (Declaration of Ronald Kevin Stone, 10, Exhibit B).

8

9

10

11

12

13

14

15

On December 13, 2019, Plaintiffs filed the present action against Stone, NCSCV, and Dropbox, Inc.  (Doc. 1).  In their Complaint, Plaintiffs allege that the Movant Defendants violated the copyright infringement takedown provisions of the Digital Millennium Copyright Act ("DMCA") and seek damages for the Movant Defendants' alleged misuse of the takedown procedures and a declaration "that Dropbox should not abide any copyright claims by Defendants." (Doc. 1, ¶ 60-73, p. 14)   As Plaintiffs expressly state in their Complaint, Plaintiffs do not seek damages against Dropbox, and Dropbox is only named as a defendant to the extent its presence is necessary "to achieve complete relief." (Doc. 1, ¶ 14).

16

**ARGUMENT**

17

18

**A.    This Court lacks Personal Jurisdiction over Defendants Ronald Kevin Stone and North Carolina Division Sons of Confederate Veterans, Inc.**

19

20

21

22

23

24

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, once a defendant affirmatively challenges the Court's personal jurisdiction through a motion to dismiss, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Where, as here, the defendants' motion is supported by declarations offering specific evidence refuting minimum contacts with the forum state, Plaintiffs may not "simply rest on the bare allegations of its complaint" to meet their burden of showing jurisdiction. *Id.* (citation and quotation marks omitted).

25

26

27

28

Pursuant to the Federal Rules, this Court applies California state law to determine whether personal jurisdiction exists over nonresident defendants. *See* Fed.R.Civ.P. 4(k)(1)(A) (explaining that service of a summons or a waiver of service establishes personal jurisdiction over a defendant

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

3

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

1   "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district

2   court is located").

> Because California's long-arm jurisdictional statute is
> coextensive with federal due process requirements, the jurisdictional
> analyses under state law and federal due process are the same. For a
> court to exercise personal jurisdiction over a nonresident defendant,
> that defendant must have at least "minimum contacts" with the
> relevant forum such that the exercise of jurisdiction "does not offend
> traditional notions of fair play and substantial justice."

*Schwarzenegger*, 374 F.3d at 800-01 (internal citations omitted).

Personal jurisdiction under the Due Process Clause may be general or specific. *Id.* In the

present case, Plaintiffs are unable to meet their burden of showing that this Court has either general

or specific personal jurisdiction over Defendants Stone and NCSCV. First, it is clear that Plaintiffs

have no basis for asserting that general jurisdiction exists over the Movant Defendants. With

respect to a corporate defendant, "general jurisdiction requires affiliations so continuous and

systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*,

comparable to a domestic enterprise in that State." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th

Cir. 2015) (citation, quotation marks and alteration omitted), *cert. denied*, 136 S.Ct. 915 (2016).

Indeed, only in an "exceptional case," will general jurisdiction be appropriate over a corporation in

a place other than its place of incorporation and principal place of business. *Id.* "For an individual,

the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."

*Goodyear Dunlop Tires Op., S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 2853 (2011).

Otherwise, an individual defendant may be subject to general jurisdiction only where he explicitly

consents to the court's jurisdiction or has been served with process while in the forum. *J. McIntyre*

*Mach., Ltd. v. Nicastro,*, 564 U.S. 873, 880, 131 S.Ct. 2780, 2787 (Kennedy, J. plurality). Here,

NCSCV and Stone simply do not have the continuous, systematic, and pervasive contacts with

California to exercise general jurisdiction. (Declaration of Ronald Kevin Stone, ¶ 2-7). Defendant

Stone was served with process in North Carolina, not California, and as discussed further below,

the Movant Defendants have not consented to jurisdiction in the forum.

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS,
INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

1    With respect to specific jurisdiction, the theory set forth in Plaintiffs' conclusory allegation

2    of personal jurisdiction in paragraph 16 of their Complaint was soundly rejected by this Court in

3    *Doe v. Geller*, 533 F.Supp.2d 996 (N.D.Cal. 2008).  (Doc. 1, ¶ 16).  The facts of the *Doe* case are

4    strikingly similar to the circumstances of the present action.  As in this case, the plaintiff in *Doe*

5    asked this Court to exercise personal jurisdiction over nonresident defendants with respect to the

6    plaintiff's claim that the defendants misused the DMCA takedown process based on the defendants'

7    submission of a takedown notification to a service provider with a principal place of business in

8    Silicon Valley, California.  *Id.* at 1005-07.  In analyzing and ultimately dismissing the plaintiff's

9    argument "that defendants' single act of sending the takedown notice to YouTube in California is

10   sufficient to establish personal jurisdiction in California courts," this Court set forth the following

11   well-established framework for evaluating personal jurisdiction:

13        The Ninth Circuit has established a three-part test for determining when specific jurisdiction may be exercised:

15        1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

18        2. The claim must be one which arises out of or results from the defendant's forum-related activities.

19        3. Exercise of jurisdiction must be reasonable.

21   *Data Disc,* 557 F.2d at 1287.

22        The Ninth Circuit has since expanded the first prong, also known as the purposeful availment or purposeful direction requirement, "apply[ing] different purposeful availment tests to contract and tort cases." *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995); see *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802–03 (9th Cir.2004).  Purposeful availment in tort cases is analyzed under the effects test from *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984):

27        As we have previously recognized, *Calder* stands for the proposition that purposeful availment is satisfied

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

even by a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state." Based on these interpretations of *Calder*, the "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.2002) (internal citations omitted). Personal jurisdiction may flow from a single contact with the forum state if the claim "arise[s] out of that particular purposeful contact of the defendant with the forum state." *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987).

*Id.* at 1005.

The Court in *Doe* articulated its doubts as to whether the plaintiffs could demonstrate purposeful direction or availment under the *Calder* "effects test" and especially emphasized the lack of evidence of the third factor—explaining that the plaintiffs failed to adequately justify how Youtube's disabling of access to the plaintiffs' video in California was "an injury 'sufficient' to establish personal jurisdiction over defendants in California." *Id.* at 1006. The Court noted instead that "plaintiff's claimed injuries are more likely to be suffered in Pennsylvania [the plaintiff's residence]." *Id.* The *Doe* decision was ultimately not based on purposeful direction and was instead premised on the grounds that exercising personal jurisdiction would be constitutionally unreasonable. *Id.* at 1010. While exercising jurisdiction here would also be unreasonable under the third prong of the jurisdiction test for many of the same reasons the Court articulated in *Doe*, as further discussed below, it is important to first emphasize that in this case, the purposeful direction analysis offers an additional basis for dismissal for lack of personal jurisdiction.

Here, the substantiated facts supporting Defendants' purposeful direction into California are nonexistent. Plaintiffs' conclusory allegations that the Movant Defendants are subject to California's jurisdiction because (a) the sending of the takedown notice at issue was "purposefully directed" and "expressly aimed" toward California, and (b) the Movant Defendants consented to personal jurisdiction by using Dropbox's DMCA form and submitting its complaint to Dropbox fall apart upon closer inspection. First, Plaintiffs assume that the Movant Defendants were aware

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

1   that NCSCV's electronic takedown claim was processed by Dropbox in California despite the fact

2   that the DropBox form includes no indication that it will be transmitted to California and the fact

3   that Dropbox maintains ten other offices outside of California and over 2,000 team members

4   worldwide.[1]   (See Doc. 1-5, Declaration of Ronald Kevin Stone, Exhibit A).   The Movant

5   Defendants believe that Plaintiffs may have made this speculative jump from Exhibit 3 to their

6   Complaint, which states that Dropbox maintains a San Francisco mailing address for receipt of

7   hard-copy DMCA counter-notifications.   (Doc. 1-3, p. 3).   The fact that DMCA counter-

8   notifications can be sent by mail to a California address, however, fails to show the Movant

9   Defendants' were even aware that their electronic submission of their takedown notice was directed

10   towards Dropbox's California-based personnel, much less that they expressly aimed their conduct

11   towards California.[2]   In contrast, in *Doe*, the takedown notice was submitted to a California-based

12   facsimile number—certainly a clearer indication to the *Doe* defendants as to where the notification

13   was ultimately directed.   *See Doe*, 533 F.Supp.2d at 1010 (nevertheless concluding that it would be

14   unreasonable to assert jurisdiction over foreign defendants "in a suit brought by a Pennsylvania

15   resident over an allegedly tortious fax sent to a third party in California").

16           Plaintiffs' second asserted basis for personal jurisdiction—Defendants' consent to

17   jurisdiction based on their use of Dropbox and the takedown notification process—is likewise

18   baseless.   Although Plaintiffs were required to consent to the jurisdiction of a federal district court

19   before submitting the counter-notification[3], Defendants had no reciprocal obligation under the

20   DMCA.   *Compare* 17 U.S.C. § 512(g)(3)(D) and 17 U.S.C. § 512(c)(3); *see also Doe*, 533

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

---

[1]   *See* Dropbox, https://www.dropbox.com/jobs/locations (noting its three other U.S. office locations in Seattle, New York, and Austin and its international office locations in Dublin, Hamburg, Tel Aviv, London, Paris, Tokyo and Sydney).

[2]   Indeed, the "express aiming requirement" is more typically established "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"—a scenario that is obviously not the case here where every party except Dropbox resides in North Carolina.  *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011).

[3]   Notably, the statute requires a subscriber within the United States who is issuing the counter-notification to consent to jurisdiction of the Federal District Court *for the district where the subscriber resides*—not where the service provider is located.  17 U.S.C. § 512(g)(3)(D).

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

1   F.Supp.2d at 1011 ("[T]he DMCA provides explicitly that internet users such as Sapient who wish

2   to rebut a takedown notice must consent to the jurisdiction of a federal district court, but the statute

3   does not require copyright owners who send takedown notices (such as defendants here) to consent

4   to personal jurisdiction. That difference must be viewed as intentional.  If that result seems

5   asymmetrical and unfair, then the problem should be resolved by Congress, not this court." (internal

6   citations omitted).  As the party seeking to invoke the jurisdiction of this Court, it is Plaintiffs'

7   burden to demonstrate the Movant Defendants' purposeful direction towards California—a burden

8   they have not and cannot meet.

9        This is true because even if the Movant Defendants' electronic transmissions to Dropbox

10  regarding Plaintiffs' posting and use of the entirety of Stone's letter constitute purposeful

11  availment, a conclusion Defendants emphatically dispute, exercise of jurisdiction over the Movant

12  Defendants is constitutionally unreasonable.  An evaluation of the reasonableness of exercising

13  personal jurisdiction over the Movant Defendants demonstrates that each of the factors identified

14  by the Ninth Circuit as set forth below weigh against jurisdiction:

15           (1) the extent of the defendants' purposeful interjection into the
             forum state's affairs; (2) the burden on the defendant of defending in
16           the forum; (3) the extent of conflict with the sovereignty of the
             defendants' state; (4) the forum state's interest in adjudicating the
17           dispute; (5) the most efficient judicial resolution of the controversy;
             (6) the importance of the forum to the plaintiff's interest in
18           convenient and effective relief; and (7) the existence of an alternative
             forum.
19

20

21  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9ᵗʰ Cir. 2003).

22       First, as discussed above, the Movant Defendants' "interjection" into California was

23  minimal and only consists of the electronic submission of the takedown notice that was presumably

24  received by Dropbox's copyright agent in California.  *See Doe*, 533 F.Supp.2d at 1007 (holding

25  that the "interjection" into California through the takedown notice was "not substantial," especially

26  given that it was not aimed at a California resident, and that "[t]he smaller the element of purposeful

27  interjection, the less jurisdiction is to be anticipated and the less reasonable is its exercise").

28  Second, litigation in a forum far removed from the Movant Defendants' and Plaintiffs' residence

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

8

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS,
INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

is burdensome. Although the Movant Defendants have retained California counsel to defend them in this Action, the selection of counsel does not mitigate the inconvenience to the Movant Defendants of ongoing legal proceedings across the country. As Plaintiffs' claims are premised on the Movant Defendants' good faith beliefs and knowledge prior to the submission of the takedown notice, Movant Defendants and potentially other witnesses and officers involved in NCSCV will need to be substantially personally involved in the California litigation and ultimately testify in proceedings in the forum state should this matter move forward. The third factor also cuts against jurisdiction as this forum's sister state of North Carolina has a greater interest in litigating this dispute between its residents than California—which merges into the fourth factor, California's interest in adjudicating this dispute. Dropbox is the only California resident at issue here, and as Plaintiffs acknowledge, they seek no damages from Dropbox and make no real allegations of wrongdoing by Dropbox.[4]  (Doc. 1, ¶ 14). California thus has little interest in adjudicating this case where the only substantive claims involve nonresidents.

With respect to the fifth, sixth, and seventh factors, it is clear that North Carolina would be an appropriate alternative forum and the more efficient forum for judicial resolution of this controversy, since the witnesses, evidence, and substantive parties to the dispute are all located in North Carolina. The Movant Defendants struggle to imagine any reason that California may be important to Plaintiffs' interest in convenient and effective relief when the parties and witnesses are located in and reside in North Carolina. *See Doe*, 533 F.Supp.2d at 1010 (noting that a plaintiff's home state is the preferred forum for a plaintiff when a plaintiff can establish personal jurisdiction over defendants in § 512(f) cases). Accordingly, the reasonableness factors in this case weigh overwhelming against jurisdiction.

As this Court has already explained in *Doe*, Plaintiffs' asserted basis for personal jurisdiction "leads to unreasonable (even if unintended) consequences. If plaintiff's theory of jurisdiction were upheld, then the Northern District of California could assert jurisdiction over

---

[4] Counsel is unaware of any attempt by Plaintiffs to date to serve Dropbox or secure a waiver of service from Dropbox.

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

every single takedown notice ever sent to YouTube or any other company in Silicon Valley." *Doe*, 533 F.Supp.2d at 1009. The Movant Defendants thus respectfully ask the Court to apply this District's well-reasoned and persuasive opinion in *Doe* to the present, analogous circumstances and dismiss the Complaint against Movant Defendants for lack of personal jurisdiction. *See Buna v. Pac. Far East Line, Inc.*, 441 F.Supp. 1360, 1365 (N.D.Cal. 1977) (explaining that "[j]udges of the same district customarily follow a previous decision of a brother judge upon the same question except in unusual or exceptional circumstances").

**B.** **In the Alternative, this Court should Dismiss or Transfer the Case to the United States District Court for the Middle District of North Carolina on the basis of *Forum Non Conveniens***

Because personal jurisdiction is woefully deficient for the reasons set forth above, Defendants maintain that dismissal on jurisdictional grounds is the proper remedy in this case. However, should the Court conclude a less restrictive means of addressing the unfairness of jurisdiction is appropriate, the Movant Defendants request transfer to North Carolina. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 484, 105 S.Ct. 2174, 2188 (1985) (explaining that the inconvenience of a forum can often be addressed through a change of venue "*when the party has minimum contacts with a forum to litigate there*" (emphasis added)). For the reasons discussed above, the Middle District of North Carolina is a proper forum for this matter should the Court decline to dismiss the Complaint against the Movant Defendants on personal jurisdiction grounds. *See Ranza*, 793 F.3d at 1076 (explaining that to grant a motion based on *forum non conveniens*, the Court must find that there is an adequate alternative forum and the balance of private and public interest factors favor dismissal or transfer).

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

10

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS,
INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

1    The Movant Defendants respectfully request that this Court grant its Motion to Dismiss for

2    lack of personal jurisdiction.  If, however, transfer is deemed a proper remedy by the Court, the

3    Middle District of North Carolina is the appropriate forum and venue for this Action.

4    Dated:  February 14, 2020

5

6                                                    /s/      Lisa M. Conn                                
                                                     By:      Lisa M. Conn
7                                                             David Y. Choi
                                                              Goldberg Segalla LLP
8                                                             Attorney for Defendants
                                                              RONALD KEVIN STONE and NORTH
9                                                             CAROLINA DIVISION SONS OF
                                                              CONFEDERATE VETERANS, INC.
10
                                                              I attest, in accordance with Local Rule 5-
11                                                            1(i), that concurrence in the filing of this
                                                              document has been obtained from each of
12                                                            the below signatories.

13
                                                     /s/      Richard Charnley                            
14                                                   By:      Richard Charnley
                                                              Nicole Uhlmann
15                                                            Charnley Rian LLP
                                                              Attorneys for Defendants
16                                                            RONALD KEVIN STONE and NORTH
                                                              CAROLINA DIVISION SONS OF
17                                                            CONFEDERATE VETERANS, INC.

18

19

20

21

22

23

24

25

26

27

28

Goldberg Segalla LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
213.415.7200

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS,
INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW

Goldberg Segalla LLP<br>777 S. Figueroa Street, Suite 2000<br>Los Angeles, CA 90017<br>213.415.7200

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 777 S. Figueroa St., Suite 2000, Los Angeles, California 90017.

I hereby certify that on the 14th day of February, 2020, I will electronically file the foregoing **DEFENDANTS RONALD KEVIN STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) on the interested parties to this action as follows:

| | |
|---|---|
| Marc J. Randazza (CA SBN 269535)<br>Alex Shepard (CA SBN 29058)<br>Jay M. Wolman (pro hac vice forthcoming)<br>RANDAZZA LEGAL GROUP, PLLC<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117<br>Telephone: 702-420-2001<br>Fax: 305-437-7662<br>ecf@randazza.com<br><br>*Attorneys For Plaintiffs*<br><br>**T. GREG DOUCETTE & LAW OFFICES OF T. GREG DOUCETTE, PLLC** | Richard Charnley (SBN# 70430)<br>rlc@charnleyrian.com<br>Nicole Uhlmann (SBN# 200783)<br>Email address<br>CHARNLEY RIAN LLP<br>12121 Wilshire Boulevard<br>Suite 600<br>Los Angeles, CA 90025-1188<br>(310) 321-4300 (Phone)<br>(310) 893-0273 (Fax)<br><br>**CO-COUNSEL** |

Executed on February 14, 2020 at Los Angeles, California.

<u>  X  </u>    (FEDERAL) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____

**Robert Mendoza**

DEFENDANTS STONE'S AND NORTH CAROLINA DIVISION SONS OF CONFEDERATE VETERANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4:19-cv-08148-KAW