# **<u>EXHIBIT 3</u>**

Order Dismissing UNC Case

NORTH CAROLINA                    ~~FILED~~ IN THE GENERAL COURT OF JUSTICE
ORANGE COUNTY                     SUPERIOR COURT DIVISION

2020 FEB 20  P 2: 05

NORTH CAROLINA DIVISION SONS        )
OF CONFEDERATE VETERANS, INC.,      )
    Plaintiff,                      )
                                    )
                                    )
    v.                              )              19 CVS 1579
                                    )
THE UNIVERSITY OF NORTH             )
CAROLINA and THE UNIVERSITY OF      )
NORTH CAROLINA BOARD OF             )
GOVERNORS,                          )
    Defendants.                     )

## ORDER

THIS MATTER comes before the Court *sua sponte*, pursuant to Rule 60(b)(4) and (6) of the North Carolina Rules of Civil Procedure. The Court reviewed the file, briefs of the parties and reply brief of defendants, as well as briefs on behalf of two amici curiae groups. The Court heard arguments of the parties and amici on February 12, 2020. The plaintiff was represented by Boyd Sturges and the defendants were represented by Ripley Rand. Elizabeth Haddix represented the UNC-Chapel Hill students and professor amicus group, and Burton Craige represented the UNC-CH alumni amicus group. At the conclusion of that hearing, the Court announced its oral ruling on the Rule 60 motion vacating the Consent Judgment filed November 27, 2019. The Court indicated that it intended to oversee the orderly unwinding of assets and after some discussion in open court, invited further input in writing by Monday, February 17, 2020. Based on the foregoing, the Court finds the following facts:

1. The unincorporated association known as the United Daughters of the Confederacy assisted in the raising of funds for the eventual purchase of the Silent Sam statue in 1913. The plaintiff has failed to establish that the unincorporated association ever owned the statue. Even if ownership was established, the plaintiff has failed to establish that the transfer of the statue to the defendants was anything other than a gift, or that the unincorporated association otherwise retained any rights in the statue after it was placed on the campus of UNC-CH.

2. The plaintiff in this case obtained whatever rights and standing the modern United Daughters of the Confederacy (the modern UDC) possessed as it relates to the issues at hand.

2

3. There is insufficient evidence to establish that the modern UDC that assigned rights to plaintiff in this case was in fact the successor organization to the unincorporated association in existence in 1913.

Based upon the findings of fact, the Court makes the following conclusions of law:

1. "On motion and upon such terms as are just," North Carolina Rule of Civil Procedure Rule 60(b) authorizes the Court to grant relief from a final judgment or order.

2. Plaintiff lacks standing to bring this lawsuit, as plaintiff has failed to establish that the unincorporated association ever owned the statue, or if so, that the organization ever intended the statue to be anything other than a gift to the defendants. Furthermore, plaintiff has failed to present facts that establish that the modern UDC is a successor in interest to the unincorporated association of 1913.

3. Rule 60(b) has been described as ". . . a grand reservoir of equitable power to do justice in a particular case. . . ." 7 Moore's Federal Practice, para. 60.27[2], at 375. The North Carolina Supreme Court has stated that its "broad language . . . 'gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E. 2d 446 (1971).[1]

4. In addition, courts have the "inherent power" to preserve the administration of justice and protect it from being destroyed. *See, e.g., In re Officials of Kill Devil Hills Police Dept.*, 223 N.C. App. 113, 116, 733 S.E.2d 582, 586 (2012).

5. Because plaintiff lacks standing, and pursuant to Rule 60(b)(4), and in an exercise of the Court's discretion, the Court finds that the previously entered Consent Judgment is void, and that Consent Judgment shall be vacated.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that in the discretion of the Court, the November 27, 2019 Consent Judgment previously entered by the Court is hereby VACATED and SET ASIDE.

In an exercise of the inherent authority of the Court, in order to effectuate the purpose of this Order, and to supervise the order return of the parties to the status they held prior to the entry of the Consent Judgment, the court further ORDERS, ADJUDGES, and DECREES that:

1. Within ten days of the entry of this Order, the Trustee shall provide an accounting

---

[1] *Jim Walter Homes, Inc. v. Peartree,* 28 N.C.App. 709, 712, 222 S.E.2d 706, 708 (1976).

3

that lists for each transaction, at a minimum, the amount, date, and payee. The accounting shall also provide the same information for any unsatisfied obligation or claim on trust funds. The accounting shall be filed with the Orange County Clerk of Court as a pleading in this case.

2. If there are no unsatisfied obligations on the trust funds, the Trustee shall return the remaining funds to the defendants within ten days of the entry of this Order.

3. If there are any unsatisfied obligations on the trust funds, the Trustee shall hold in reserve a sum equaling the unsatisfied obligations, and shall seek leave of the Court before taking any action or disbursing reserved funds. The remaining balance of the trust funds shall be returned to the defendants within ten days of the entry of this Order.

4. Once all funds held by the Trustee have been disbursed, the Trustee shall file a final accounting with the Orange County Clerk of Court. If appropriate, the Trustee may indicate that the accounting filed pursuant to paragraph 1 above also serves to satisfy the final accounting.

5. Upon receipt of the final accounting, the Trust shall be dissolved by operation of law and without any further action.

6. The plaintiff shall return Silent Sam to the defendants within 45 days of the entry of this Order, pursuant to a plan to be developed by the parties to ensure the safe and orderly transportation, transfer, and delivery of Silent Sam to the defendants. If the parties are unable to agree to a safe, orderly plan for the transfer of this property within 30 days of the entry of this Order, the parties shall notify the Court.

7. The Court shall retain jurisdiction of this matter, including, upon notification by the parties that this Order has been fully complied with, for entry of an Order dismissing this action, with prejudice.

This the ____20____ day of February, 2020.

Allen Baddour
Superior Court Judge Presiding

CERTIFICATE OF SERVICE

 I hereby certify that I have this day served a copy of the Order by sending a copy via email and U.S. Mail to the individuals listed below:

C. Boyd Sturges, III
P.O. Drawer 708
Louisburg, NC 27549
bsturges@dsattys.com

Ripley Rand & Pressly Millen
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Ripley.Rand@wbd-us.com
Press.Millen@wbd-us.com

Mark Dorosin & Elizabeth Haddix
PO Box 956
Carrboro, NC 27510
mdorosin@lawyerscommittee.org
ehaddix@lawyerscommittee.org

Edward G. Caspar & Noah Baron
1500 K St. NW, Suite 900
Washington, DC 2005
ecaspar@lawyerscommittee.org
nbaron@lawyerscommittee.org

Burton Craige & Narendra K. Ghosh
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
bcraige@pathlaw.com
nghosh@pathlaw.com

William W. Taylor, III & Avery F. Pollard
1800 M Street NW, Suite 1000
Washington, DC 20036
wtaylor@zuckerman.com
apollard@zuckerman.com

 This the 20th day of February 2020.

Jamie Richardson
Superior Court Trial Court Coordinator
Judicial District 15B